The judgment of the court was pronounced by
Rost, J.
This was originally a suit for slander of title, which the adverse title set up by the defendants has changed into a petitory action. The plaintiffs pleaded prescription against the title thus set up; and judgment having been rendered in their favor, the defendants appealed.
The material facts of the case may be briefly stated as follows: Olivier Blanchard was the owner of a tract of land fronting on the Mississippi river, and having a double concession. In 1810, he sold to his brother, Victor Blanchard, the lower half of the double concession. The purchaser did not take actual possession of the land; and, in 1818, Olivier sold to Isidore Blanchard the front concession, according to his title and his pretensions to the double concession. Isidore soon after died, leaving minor heirs; and in 1819, the whole land, as originally owned by Olivier Blanchard, was inventoried and appraised as belonging to his succession. This inventoiy was made in the presence of, and signed by, Victor Blanchard. The prods verbal of the deliberations of the family meet *368 ing held to decide on the expediency of selling the property, was also signed by him. The family meeting having advised the sale, it took place accordingly, and the procés verbal made thereof, in which the land is described and adjudicated as it was inventoried, is also signed by Victor Blanchard.
The plaintiffs contend, that if there should be any doubt as to the extent of land conveyed by Olivier to Isidore, under the designation of “mes prétentions á la double concession,” the acts of Victor Blanchard, in signing the proceedings alluded to, .amount to a recognition of title in Isidore to the whole tract, and consequently of want of title himself to any portion of it. He relies in support of that position on the cases of Marsh v. Smith, 5 R. R. 518; McMasters v. Atchafalaya Bank, 1st Ann. 11; Richardson v. Hyams, 1st Ann. 287.
The defendants and warrantors, in reply, make the following points: 1st. That in the cases cited, the parties who had induced the error were the ones who were seeking to gainsay their own deliberate acts; while, in the present case, innocent third parties are seeking to repel the consequences of acts much less significant in themselves, and for which they are in no manner responsible. 2d. That at the probate sale of Isidore's succession, his widow, under whom the plaintiffs claim, became the purchaser of the land, and that, having been in community with Isidore at the time it was acquired from Olivia, she was the owner of one-half, and was bound to know the extent and defects of her title. 3d. That Victor Blanchard, in signing the proceedings, was totally unconscious that any rights of his were involved in them. 4th. That the effect of these acts is to be judged of by their tendency to mislead others, and tha.tthe question is not what would be the effect generally of such acts, but what effect had they upon the particular purchasers in this case.
The principle invoked by the plaintiffs, and recognised by the decisions to which he has referred us, is, that if a man stands by and is silent while his own property is being sold, and suffers another to become the purchaser, he is estopped from disputing the title thus acquired; or, in other words, that where one, by his words, his acts, or his conduct, wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time.
Victor Blanchard, in this case, was present at the judicial sale, and was not only silent when the land now claimed was sold, but became a party to the procés verbal of adjudication without explanation or reservation of any kind. The eventual and residuary right which the wife of Isidore Blanchard had in the property of the community, was not sufficient to affect her with notice of the extent of the title given to her husband for any portion of it. But if it had been, Victor Blanchard would not have been dispensed thereby from opposing the sale and asserting his title. Had he done so, purchasers would have been put on their guard. His silence induced them to believe in the state of things presented by the inventory, and to act upon that belief by bidding for the whole land. It cannot be doubted that this silence caused the purchasers to pay a higher price, and that Victor Blanchard himself would be estopped from averring a different state of things as having existed at the time. It is well settled, that if the party himself is estopped, his heirs and those claiming title under him, are estopped likewise. 1 Greenleaf’s Evidence, Nos. 23, 24, and notes. Ferrett v. Taylor, 9 Crunch. 52.
Moreover, the enunciation in the procés verbal, that the land sold belonged to the succession of Isidore Blanchard, hada direct reference to the adjudication, *369 and by an express provision of the code, that act forms against all the parties to it a presumption juris et de jure of the truth of the enunciation. That presumption cannot be affected by the capacity in which Victor Blanchard appeared in the act. L. C. 2235.
The judgment is affirmed, with costs.